## HEWIT v. JEWELL ET AL.

1. **Partition Fence:** DEFINITION OF. A partition fence, as contemplated in the statute, means a fence on the line between two proprietors, where there is no road, alley, or something else which would prevent the erection of such fence.

2. ————: LAND USED IN COMMON: WHEN NOT. A person uses his land otherwise than in common when he segregates it from the adjoining land by the erection of a fence, or by such use of it that he and his neighbor cannot, in the nature of things, use their land in common.

3. ————: LAND NOT USED IN COMMON: OWNERS MUST ERECT FENCE. Where neither the plaintiff nor defendent was using his land in common, in a county where stock was not restrained from running at large, either of them could be compelled to join in the erection of a partition fence on the line between their lands.

*Appeal from Grundy Circuit Court.*

WEDNESDAY, JUNE 14.

THE plaintiff filed a petition making the township trustees defendants and asking a *certiorari*, the object of which was

to set aside certain proceedings of said trustees, whereby he was required to erect a partition fence between land owned by him and other land owned by the defendants. The latter appeared and asked to be substituted as defendants, which was done and the cause was submitted on a stipulation as to the facts. The court affirmed the action of the trustees and plaintiff appeals.

*H. C. Heminway*, for appellant.

*N. T. Johnson*, for appellees.

SEEVERS, CH. J.—The plaintiff and defendants each own adjoining quarter sections of land for the cultivation of grain and grasses in the usual manner. ·The plaintiff's land is wholly unfenced, and the defendants, desiring to enclose their land, demanded of the plaintiff that he should join them in the erection and maintenance of a fence upon the line between their said lands. The plaintiff did not desire to have his lands enclosed and did not wish to use the same otherwise than above stated, and, therefore, refused to contribute towards the erection of said fence. The question is, whether he can be compelled to do so.

In *Syas v. Peck*, 58 Iowa, 256, it was held that in counties where stock is restrained from running at large an adjoining proprietor cannot be compelled to join in the erection of partition fences. The reasoning, however, in that case would indicate a different rule should prevail in counties where stock is not restrained. When one uses his land otherwise than in common he can be compelled to contribute to the erection of partition fences. Code, § 1495.

A partition fence, as contemplated in the statute, means a fence on the line between two proprietors where there is no road, alley, or something else which would prevent the erection of such fence. When, then, does a person use his land otherwise than in common? We think he does so when he segregates it from the adjoining land. His occupation being

such that he and his neighbor cannot, or do not, use their land together or in common. This may be done by the erection of a fence, but it may be done otherwise. One person may use his land for growing grain, and another for pasture. In such case the latter might not desire a fence, while the former undoubtedly would. One might desire to raise corn, another small grain. In such case the interest of one would be to pasture while grain was growing on the land of the other. The person whose crops needed protection where there is no partition fence would have to guard his crops to prevent their destruction. This would be a segregation of the land or a use not in common, in effect, the same as if fenced.

It should be remembered the rule in this State is, except it is otherwise provided by statute, that cattle and other stock are free commoners and he who desires to protect his crops from them must fence his premises or take other means equally effectual to preserve his crops. Neither the plaintiff or defendants were using their premises in common and therefore either of them could be compelled to join in the erection of a partition fence on the line between their lands. It does not appear from the agreed statement of facts whether the herd law is in force in Grundy county or not. But as the rule is error must affirmatively appear, no presumption can be indulged that such law is in force in said county.

AFFIRMED.